# EXHIBIT A

**LAW OFFICES OF KARIM ARZADI**
Karim Arzadi, Esq., Attorney ID No. 012581987
Ernest Blair, Esq., Attorney ID No. 036071983
163 Market Street
Perth Amboy, New Jersey  08861
(732) 442-5900
Attorney for Plaintiff

| | |
|---|---|
| CAMERON STOKES,<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC.<br>JOHN DOES 1-10<br>(fictitious names), JANE ROES<br>1-10 (fictitious names) and XYZ<br>CORPS., INC. 1-10 (fictitious<br>names),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-001209-22<br><br>CIVIL ACTION<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY TO THE
DEFENDANT(S) NAMED ABOVE:   **WALMART, INC.**

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

/s/   Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court

DATED: March 9, 2022

Name of Defendant to be Served:    **Walmart, Inc.**
Address of Defendant to be Served: **c/o Store Manager/ Managing Agent**
**400 Park Plaza Drive**
**Secaucus, New Jersey 07094**

ATLANTIC COUNTY
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7698
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
1st Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY:
Angela F. PUlvino, Clerk
(Law Division Filing)
Box CN-209
Cape May Court House, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY
John G. Nardelli, CLerk
Court House, Direct Filing
Broad & Fayette STs.
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 452-5291
LEGAL SERVICES
(609) 451-0003/935-8024

SUSSEX COUNTY
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ 07860
(980) 353-4715
LEGAL SERVICES
(980) 354-4340

ESSEX COUNTY
Patricia McGarry Drake, Clerk
236 Hall of Records
465 Dr. Martin Lurther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 533-1779
LEGAL SERVICES
(201) 624-4500

GLOUCESTER COUNTY
Joseph H. Hoffman, Clerk
First Floor, Court House
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avneue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ 08822
LAWYER REFERRAL
(609) 788-6112
LEGAL SERVICES
(609) 782-7979

MERCER COUNTY
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad St.
Trenton, NJ 08650
LAWYER REFERRAL
(609) 890-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor
1 Kennedy Square
P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

UNION COUNTY
Walter G. Halpin, Clerk
1st Floor Court House
Elizabeth, NJ 07207
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

MONMOUTH COUNTY
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 747-7400

MORRIS COUNTY
Alfonse W. Scerbo, Clerk
CN 900
30 Schuyler Place
Morristown, NJ 07960
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

OCEAN COUNTY
M. Dean Haines, Clerk
119 Court House
CN 2191
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

PASSAIC COUNTY
William L. Kattak, Clerk
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

SALEM COUNTY
John W. Cawman, Clerk
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY
R. Peter Widin, Clerk
Civil/General Equity
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

WARREN COUNTY
Terrance D. Lee, Clerk
Court House
Belvidere, NJ 07323
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 475-2010

**LAW OFFICES OF KARIM ARZADI**
Karim Arzadi, Esq., Attorney ID No. 012581987
Ernest Blair, Esq., Attorney ID No. 036071983
163 Market Street
Perth Amboy, New Jersey  08861
(732) 442-5900
Attorney for Plaintiff

| | |
|---|---|
| CAMERON STOKES, | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO.: |
|  |  |
| v. | CIVIL ACTION |
|  |  |
| WALMART INC. |  |
| JOHN DOES 1-10 | **COMPLAINT, JURY DEMAND,** |
| (fictitious names), JANE ROES | **DESIGNATION OF TRIAL COUNSEL,** |
| 1-10 (fictitious names) and XYZ | **CERTIFICATION, DEMANDS FOR** |
| CORPS., INC. 1-10 (fictitious | **MED PAY AND INSURANCE** |
| names), | **INFORMATION, NOTICE TO PRODUCE,** |
|  | **DEMANDS FOR ANSWERS TO** |
| Defendants. | **INTERROGATORIES, SUPPLEMENTAL** |
|  | **INTERROGATORIES AND NOTICE** |
|  | **REGARDING MEDICAL EXAMS** |

Plaintiff, Cameron Stokes, residing at 608 Bramhall Avenue #4C, in the City of Jersey City, County of Hudson and State of New Jersey, by way of Complaint against the Defendants says:

### FIRST COUNT

1. On or about November 21, 2020, Plaintiff, Cameron Stokes, was lawfully on the premises located at 400 Park Plaza Drive, in the City of Jersey City, County of Hudson and State of New Jersey where she was caused to slip and fall due to the hazardous condition of the floor.

2. At all times referred to hereinafter and prior thereto, the Defendant, Walmart Inc., owned, leased, rented, operated, supervised, maintained, controlled, managed, secured, repaired, cleaned and/or cared for said premises, together with its parking lot, interior/ exterior sidewalk, curb area, ramps, interior hallways, ingress/ egress, walkways, passageways and appurtenances thereto, in such a

negligent, careless, and reckless manner as to cause Plaintiff Cameron Stokes to fall and be injured thereon.

3. As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, Cameron Stokes, sustained diverse injuries, great pain and suffering, has incurred and will continue in the future to incur extensive medical expenses, permanent injuries, suffered physical and mental injuries of both a temporary and permanent nature, suffered considerable pain and anguish, loss of wages, other special damages, as well as various consequential damages and otherwise incapacitated from attending her usual duties.

**WHEREFORE**, Plaintiff, Cameron Stocks, demands judgment against the Defendants Shoprite of Walmart Inc., individually, jointly, or in the alternative, for damages, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Count as though set forth at length herein.

2. At the time and place aforesaid, the Defendant, Walmart, Inc., through its agents, servants and/or employees, did so negligently and carelessly own, lease, rent, operate, control, maintain, manage, supervise, clean, repair, inspect and care for the aforementioned premises, so as to create a nuisance.

3. As a direct and proximate result thereof, Plaintiff, Cameron Stokes, was caused to fall and be injured.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against the Defendant, Walmart, Inc., for damages, together with interest and

costs of suit.

### THIRD COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Counts as though set forth at length herein.

2. At the time and place aforesaid, Defendant, Walmart, Inc., did negligently create a hazard over which it had actual and/or constructive notice, which caused the Plaintiff to sustain severe and permanent injury.

3. As a direct and proximate consequence of the negligence of the Defendant, Walmart, Inc., Plaintiff, Cameron Stokes, sustained severe physical, mental and permanent injury and other diverse damages.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against the Defendant, Walmart, Inc., individually, jointly, or in the alternative, for damages, together with interest and costs of suit.

### FOURTH COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Counts as though set forth at length herein.

2. The Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names), XYZ CORPS. 1-10 (fictitious names), are fictitious names intended to identify all parties, including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff, who together with the named Defendant were responsible for the ownership, leasing, renting, cleaning, supervision, operation, control, repair, management, construction, maintenance and/or care of the premises where the

aforesaid accident occurred or who in any way caused or contributed to Plaintiff's injuries.

3. As a direct and proximate result of the negligence of the Defendants aforesaid, Plaintiff, Cameron Stokes, suffered diverse injuries, great pain and suffering, has incurred and will continue in the future to incur extensive medical expenses, permanent injuries, suffered physical and emotional injuries of both a temporary and permanent nature, suffered considerable pain and anguish, loss of wages, other special damages, as well as various consequential and was otherwise incapacitated from attending her usual duties.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against the Defendants named in this Count, individually, jointly, severally or in the alternative, for damages together with interest and costs of suit.

### FIFTH COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Counts as though set forth at length.

2. At the time and place aforesaid, the Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and XYZ CORPS. 1-10 (fictitious names), through their agents and/or servants or employees, did so negligently and carelessly own, operate, control, maintain, supervise, clean, repair, inspect and care for said aforementioned premises, so as to create a nuisance.

3. As a direct and proximate result thereof, Plaintiff, Cameron Stokes, was caused to fall and be injured.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against

the Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and XYZ CORPS. 1-10 (fictitious names), individually, jointly, severally or in the alternative, for damages together with interest and costs of suit.

### SIXTH COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Counts as though set forth at length herein.

2. At the time and place aforesaid, Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and XYZ CORPS. 1-10 (fictitious names), did negligently create a hazard over which he/it/they had actual and/or constructive notice, which caused the Plaintiff to sustain severe and permanent injury.

3. As a direct and proximate consequence of the negligence of the Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and XYZ CORPS. 1-10 (fictitious names), Plaintiff Cameron Stokes, sustained severe physical, mental and permanent injury and other diverse damages.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against the Defendants, JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and XYZ CORPS. 1-10 (fictitious names), individually, jointly, severally or in the alternative, for damages together with interest and costs of suit.

### SEVENTH COUNT

1. Plaintiff, Cameron Stokes, repeats the allegations contained in the preceding Counts and as though set forth at length herein.

2. At all times referred to herein, the Defendants were insured

under a liability insurance policy issued to the Defendant, Walmart, Inc. and/or JOHN DOES 1-10 (fictitious names) and/or JANE ROES 1-10 (fictitious names) and/or XYZ CORPS. 1-10 (fictitious names).

3. As a result of the negligence of the aforesaid Defendants, Plaintiff, Cameron Stokes, has sustained medical expenses and will in the future continue to sustain medical expenses, for which the named Defendants are liable for payment.

**WHEREFORE**, Plaintiff, Cameron Stokes, demands judgment against the Defendant, Walmart, Inc., JOHN DOES 1-10 (fictitious names), JANE ROES 1-10 (fictitious names) and/or XYZ CORP 1-10 (fictitious names), individually, jointly, severally or in the alternative, for payment of medical expenses.

### DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury as to all issues herein.

### DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4: 25-4, Ernest Blair, Esq., is hereby designated as trial counsel for the Plaintiff in the within matter.

### CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of the filing of this Complaint, the within matter is not the subject of any other proceedings. Furthermore, through discovery, the Complaint may be amended to include party Defendants for the fictitious defendants named herein. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## DEMAND FOR MEDICAL PAYMENTS COVERAGE

Plaintiff hereby demands tender of any and all medical payment ("med pay") provision coverage on the defendants' liability policies. This request hereby constitutes notice of plaintiff's intention to make a claim against such coverage. If information is required to process such claim, please contact the undersigned.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant Rule 4:10-2(b), demand is hereby made that defendants disclose to Plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update their response thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the

defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2. Copies of any and all documentation or reports, including, but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videos, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to superiorcourtfilings@gmail.com.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to

the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.), I.S.O. Claim Search or from any other source.

8. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

10. A list of all known eyewitnesses to plaintiff's fall, including any relationship to the parties and all available contact information.

11. A list of all employees of the answering defendant who were either working or known to be physically present at the subject premises on the date of plaintiff's fall.

12. An itemization of which employees on the list requested in NTP #11 above are still employed by the answering defendant (and therefore able to be produced for depositions).

13. A list of the last known addresses of all employees on the list

requested in NTP #11 who are no longer in the employ of the answering defendant (and therefore are unable to be produced for depositions).

14. A list indicating the number of surveillance cameras at the subject premises and a brief description identifying the location of each.

15. The name of the individual (or individuals) responsible for retrieving video surveillance footage from the system at the time of plaintiff's fall.

16. Any and all treatises, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made on the defendant to provide fully responsive certified answers to Form C and Form C(2) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4:17-1(b)(ii) and other applicable *Rules of Court*. Demand is hereby made that Defendant provide certified answers to the attached Supplemental Interrogatories as prescribed by the Rules of Court.

**SUPPLEMENTAL INTERROGATORIES**

S1. With respect to all expert witnesses, including treating physicians, who are expected to testify at trial and with respect to any person who has conducted an examination pursuant to Rule 4:19, who may testify, state each such witness' name, address and area of expertise and attache a true copy of all written reports provided to you. If a report is not written, supply a summary of any oral report provided to you.

S2. State the subject matter on which your experts are expected to testify.

S3. State the substance of the facts and opinions to which your experts are expected to testify and a summary of the grounds for each opinion.

S4. On the date of plaintiff's fall, state the name, address and title of the person or company responsible for maintaining the premises.

S5. If subsequent to the accident, an inspection was made of the area where plaintiff's accident occurred, state the date and time of the last inspection and the name and address of the person(s) conducting the inspection and what the inspection revealed and what was discovered.

S6. On the date of the accident, set forth the name and address of the owner of the premises on which plaintiff fell.

S7. If a lease existed between the owner of the premises and the tenant, please attach a copy of same.

S8. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim or third-party action, state the facts upon which you intend to predicate such defense, counterclaim or third-party action.

S9. Identify (by name, address and telephone number) each and every person who may or will testify on your behalf in this action.

S10. State in detail: What proofs will be offered by defendant at the trial of this action, to support and defense, counterclaim, third party action or any other allegations set forth in these answers and

attach hereto a copy of every writing, record or paper forming a part of such proof.

## NOTICE REGARDING DEFENSE MEDICAL EXAMINATION

The plaintiff will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by defense counsel requesting the defense medical examination prior to the happening of the examination. If defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through plaintiff's counsel.

LAW OFFICES OF KARIM ARZADI

Dated: March 7, 2022

KARIM ARZADI, ESQ.
Attorney for Plaintiff